# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN REEVES, | ) |
| *Plaintiff,* | ) |
| V. | ) CIVIL ACTION NO: |
| WAFFLE HOUSE, INC., et al., | ) CV _____ |
| *Defendants.* | ) |

## NOTICE OF REMOVAL

Defendant Waffle House, Inc. ("WHI" or "Defendant") removes this case, under 28 U.S.C. sections 1332, 1441, and 1446, to the United States District Court for the Middle District of Alabama, Southern Division from the Circuit Court of Houston County, Alabama where it is now pending as Civil Action No. CV-2022-900176. In support of this Notice of Removal, Defendant states as follows:

**I.    FACTUAL ALLEGATIONS SUPPORTING REMOVAL**

1. Plaintiff Justin Reeves commenced this personal injury action on May 10, 2022 by filing a Complaint in the Circuit Court of Houston County, Alabama. *See* Compl., Exh. A at Doc. 2.

2. Defendant WHI was served with the Complaint on May 12, 2022 via certified mail. *See* Exh. A at Doc. 9-10.

3. The Complaint relates to an alleged incident on or about July 31, 2020, at a Waffle House restaurant located at 1925 East Main Street, in Dothan, Alabama. Plaintiff asserts seven legal claims against WHI in the Complaint. Plaintiff alleges he was assaulted and battered by employees of WHI causing him pain and suffering, mental anguish, and permanent injuries. He also alleges he has incurred medical expenses and will be caused to incur doctor and medical bills in the future. *See* Compl., Exh. A, at Doc. 2.

4. The Complaint seeks an unspecified amount of both compensatory and punitive damages against WHI and numerous fictitious defendants. *Id*.

5. On or about October 19, 2020, WHI received a three-page settlement demand letter from Plaintiff's counsel. In that letter, counsel detailed Plaintiff's claims and purported damages, and requested that WHI pay insurance policy limits to settle Plaintiff's claims before litigation. *See* Exh. B. Plaintiff's counsel enclosed a copy of numerous medical records and bills of Plaintiff, and noted they were included to aid in the evaluation of Plaintiff's settlement demand. Plaintiff's counsel also described the damages Plaintiff contends he suffered as a result of the incident as follows:

> Mr. Reeves was taken to the hospital for his injuries, he followed up with his primary care doctor, and ultimately began and completed treatment at Southern Bone & Joint.
>
> Prior to this attack, Mr. Reeves was in good health, both physically and mentally, without limitations. Due to the actions of the

> Waffle House employees, Mr. Reeves has suffered psychologically, physically, and financially. As a direct result of this incident, Mr. Reeves has begun to suffer from extreme anxiety when he is out in public. Additionally, he continues to suffer from continuing pain from his injuries. Most importantly, as a result of his trauma, resorted to self medication to escape his mental and physical injuries from the attack. Since this time, Mr. Reeves sought help with Dr. Leona Graham and ultimately was forced to endure and complete treatment at The Treehouse in Scurry, Texas for his debilitated mental state.
>
> The severity of Mr. Reeves' injuries warrants a sum certain that would render Mr. Reeves whole. Because of the severity of this case, it is quite conceivable that the policy limits of the tortfeasor should be tendered.
>
> **Damages:**
>
> Mr. Reeves has suffered serious injury and hardship as the direct and proximate result of the negligence of the employees of Waffle House, including but not limited to medical expenses, pain and suffering, psychological damage, and permanent injuries.
>
> The following is an itemized list of the medical expenses and other damages that they have incurred and are expected to incur in the future. This list is offered <u>for settlement purposes only</u> and is not necessarily represented to be a full and comprehensive list of damages. All records and bills not included herein will be provided upon receipt of same.

*See* Exh. B at 2. In that demand letter, Plaintiff's counsel also stated "[f]uture medical treatment and follow up care for Mr. Reeves is certain to occur. The pain and suffering associated with his injuries and experience will be constant and permanent." *See* Exh. B at 3.

6. On or about November 16, 2020, Plaintiff's counsel sent a follow-up email to WHI which included additional medical records of Plaintiff and a full

3

itemization of Plaintiff's medical bills Plaintiff alleges were incurred as a result of the incident which total $137,082.25. *See* Exh. C.

7. Attached as Exhibit D is a comprehensive copy of all medical records and bills Plaintiff's counsel provided to support the settlement demand. *See* Exh. D.[1]

8. Plaintiff is a resident citizen of Dothan, Houston County, Alabama. *See* Compl., Exh. A at Doc. 2.

9. Defendant WHI is a Georgia corporation existing under the laws of the State of Georgia with its principal place of business in Norcross, Georgia. *See* Exh. E. WHI is a citizen of the State of Georgia for purposes of diversity jurisdiction.

10. WHI has a self-insured retention of $500,000, after which Waffle House, Inc. has an excess general liability insurance policy under which an insurance company may be liable to satisfy all or part of a possible judgment in this action. That excess general liability insurance policy has policy limits of $2,000,000. Further, after exhaustion of the self-insured retention and the excess

---

[1] Because the medical records include confidential, private health information, this exhibit has not been filed in the public record. Instead, it has been submitted to the Clerk of Court to be maintained in the file pending a ruling on WHI's Motion to file it under seal.

policy limits (collectively $2,500,000), Waffle House, Inc. maintains various additional layers of umbrella insurance policies. *See* Exh. F.

## II.  FEDERAL SUBJECT MATTER JURISDICTION EXISTS

11. The timeliness of a removal petition is governed by 28 U.S.C. section 1446(b)(1):

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446. This notice of removal is timely because it is filed within 30 days of service of the Complaint on Defendant.

13. This case is properly removable under 28 U.S.C. section 1441, which provides in pertinent part as follows:

> (a)   . . . Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b)   . . .
>
>     (1)   In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

(2)   A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441.

14.   Under 28 U.S.C. section 1332(a), "[t]he district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— . . . (1) citizens of different States." 28 U.S.C. § 1332(a). Further, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

15.   Under 28 U.S.C. § 1332, federal subject matter jurisdiction exists because (1) all properly joined and served parties are completely diverse from Plaintiff, and (2) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332(a)(1).

**A.   Complete Diversity Exists.**

16.   It is undisputed that Plaintiff is an Alabama citizen and defendant WHI is a Georgia citizen.

17.   Further, while Plaintiff names fictitious defendants in the Complaint, the citizenship of any fictitious defendants must be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

18. Because WHI, on the one hand, and Plaintiff, on the other, are from different states, complete diversity exists.

**B. The Minimum Jurisdictional Amount in Controversy is Satisfied.**

19. If a plaintiff does not seek a specific amount of damages in the Complaint, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirements." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted); *see also* 28 U.S.C. §1446(c)(2)(B). "If the amount in controversy is not facially apparent from the complaint, the court looks to the notice of removal and any evidence submitted by the parties 'relevant to the amount in controversy at the time the case was removed.'" *Bankhead v. Am. Suzuki Motor Corp.*, 529 F. Supp. 2d 1329, 1332 (M.D. Ala. 2008) (quoting *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001)).

20. A court may also make "reasonable deductions, reasonable inferences or other reasonable extrapolations" in viewing such evidence along with the pleadings. *See Pretka*, 608 F.3d at 754; *see also Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010); *Middleton v. State Farm Mutual Auto. Ins. Co.*, No. 3:11–cv–1052–J–37JBT, 2012 WL 230025 at *3 (M.D. Fla. Jan. 25, 2012).

21. Plaintiff's Complaint seeks both compensatory and punitive damages. Like the pleading in *Bankhead*, the Complaint is silent as to the amount in controversy, neither seeking a set amount of damages nor limiting the amount being sought by Plaintiff. *See Bankhead*, 529 F. Supp. 2d at 1332-33.

22. A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (while a "settlement offer, by itself, may not be determinative, it counts for something"); *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded [amount in controversy], it is 'apparent' that removal was proper."); *Archer v. Kelly*, 271 F. Supp. 2d 1320, 1322 (N.D. Okla. 2003) (denied motion to remand; pre-suit demand letter from plaintiff's counsel for more than jurisdictional minimum met amount in controversy requirement for diversity jurisdiction).

23. Here, Plaintiff sent a detailed pre-suit settlement demand for policy limits. Plaintiff provided over one hundred pages of Plaintiff's medical records and bills to support his pre-suit settlement demand for policy limits. Plaintiff's counsel represents that Plaintiff's medical bills for medical treatment he received as a result of the incident total $137,082.25. *See* Exh. C. Further, Plaintiff's counsel describes in the settlement demand letter that Plaintiff's injuries not only include medical

expenses, but also constant and permanent pain and suffering, psychological damage and permanent injuries. *See* Exh. B at 2-3. Plaintiff also asserts he "will continue to incur doctor and medical bills in the future." *Id*. at 3. In addition, Plaintiff seeks punitive damages. *See* Complaint, Exh. A, at Doc. 2.

24. Further, as to Plaintiff's settlement demand for policy limits, WHI's insurance policy limits for this claim of over $2,000,000 after exhausting WHI's self-insured retention far exceed the jurisdictional requirement for diversity jurisdiction.

25. Settlement demands that contain a detailed factual basis for the demand, like Plaintiff's here, are entitled to "more weight" when determining whether the amount in controversy prong has been met. *Golden Apple Mgt. Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998) (settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages . . . [suggest the plaintiff is] . . . offering a reasonable assessment of the value of [his] claim"); *Gallion v. Zoe's Restaurants, LLC*, 524 F. Supp. 3d 1236, 1243 (M.D. Ala. 2021) (settlement demand should be given deference where it was based on specific details); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.").

26. A number of federal courts in Alabama have held that initial settlement demands are sufficient to establish the amount in controversy requirement. *See McMahon v. B-Dry Waterproofing Sys., Inc.*, *Order Pursuant to Paragraph 5, General Order of Reference*, Civ. Action No. 09-PWG-844-NE (Sept. 1, 2009)[2] (demand of $100,000 established amount in controversy); *Boland v. Auto-Owners Ins. Co.*, No. 1:09cv976–MHT, 2009 WL 4730681 at *3-4 (M.D. Ala. Dec. 7, 2009) (amount in controversy satisfied by aggregate demands for at least $80,950); *McCullough v. Plum Creek Timberlands, L.P.*, No. 3:09cv1038-MHT, 2010 WL 55862 at *5-6 (M.D. Ala. Jan. 4, 2010) (settlement demand of $110,000 met amount in controversy requirement); *Six v. Sweeney*, No. 5:13CV3, 2013 WL 1910379 at *4 (N.D. W. Va. 2013) ($100,000 demand met amount in controversy requirement).

27. Plaintiff's settlement demand for insurance policy limits is supported by (1) a detailed description of Plaintiff's alleged injuries, (2) numerous pages of Plaintiff's medical records and bills, and (3) Plaintiff's counsel's representation that Plaintiff's medical bills as a result of the incident total $137,082.25; as such, the amount in controversy prong is met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 428-30 (7th Cir. 1997) (plaintiff's settlement offer is properly

---

[2] *See* Exh. G.

consulted in determining "plaintiff's assessment of the value of her case"); *DeGeorge v. Geico Gen. Ins. Co.*, No. 6:12–cv–1654–Orl–37GJK, 2012 WL 6212916 at *2 (M.D. Fla. Dec. 13, 2012) (demand letters supported by thorough account of medical treatment and expenses met amount in controversy); *Free v. Baker*, No. 2:09–CV–26–WKW, 2009 WL 1748244 at *2-3 (M.D. Ala. June 19, 2009) (detailed written settlement demand established amount in controversy); *see also* Order of Sept. 24, 2010, entered by Hon. Karen Bowdre in *Senia New v. Waffle House, Inc., et al.*, No. 10-BE-0533-M[3], (settlement demand of $160,000.00 supported by voluminous medical records satisfied amount in controversy prong).

### III.   OTHER JURISDICTIONAL REQUIREMENTS

28.   This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

29.   Defendant has heretofore sought no similar relief.

30.   The United States District Court for the Middle District of Alabama, Southern Division, is the proper Court to accept jurisdiction over matters removed from the Circuit Court of Houston County, Alabama.

31.   All state court process, pleadings and orders are attached as Exhibit A.

---

[3] *See* Exh. H.

32.     Defendant reserves the right to supplement this Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

33.     Defendant has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as required by 28 U.S.C. § 1446(d). Defendant is filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Houston County, Alabama, as provided by law.

34.     Should any question arise as to the propriety of the removal of this action, Defendant requests the opportunity to submit a brief and present oral argument in support of its position that the case is clearly removable under the controlling Supreme Court and Eleventh Circuit authority and this Court's diversity jurisdiction, as defined at 28 U.S.C. § 1332.

Based on the reasons stated here and the exhibits to this Notice of Removal, this Court should take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Houston County, Alabama, to the District Court for the Middle District of Alabama, Southern Division.

**Dated: June 10, 2022**                    Respectfully submitted,

*s/Robert E. Battle*
Robert E. Battle (ASB 7807-T67R)
Adam P. Plant (ASB 6324-A64P)

***Attorneys for Waffle House, Inc.***


**OF COUNSEL:**

**BATTLE & WINN LLP**
2901 Second Avenue South, Suite 220
Birmingham, Alabama 35233
Telephone: 205-397-8160
Facsimile: (205) 397-8179
E-Mail: *rbattle@battlewinn.com*
            *aplant@battlewinn.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 10, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charlotte Nicole Pierce
William Gantt Pierce
Jacob Payne
Attorneys for Plaintiff
344 North Oates Street
Dothan, Alabama 36303
Email: Niki@dothanlawgroup.com
Gantt@dothanlawgroup.com
Jacob@dothanlawgroup.com

And, I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants: None

                                                      *s/Robert E. Battle*
                                                      OF COUNSEL