# EXHIBIT

# A

ELECTRONICALLY FILED
5/10/2022 1:39 PM
38-CV-2022-900176.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>38<br>Date of Filing:<br>05/10/2022 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA**

**JUSTIN REEVES v. WAFFLE HOUSE, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                          ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER

R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO      **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**      ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

BLU012                     5/10/2022 1:39:38 PM            /s/ CHARLOTTE NICOLE PIERCE
_____           _____                _____
                          Date                           Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**      ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

**Exhibit A**

ELECTRONICALLY FILED
5/10/2022 1:39 PM
38-CV-2022-900176.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| **JUSTIN REEVES,** )<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>)<br>) | **CASE NO.:** _____<br><br>*Jury Trial Demanded* |

**WAFFLE HOUSE, INC. and other entities who may be individuals or legal entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by Amendment by the Plaintiff when their identities are accurately ascertained by further discovery; until that time, the Plaintiff will designate these parties in accordance with the Alabama Rules of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the description or characterization of the symbol applies to more than one entity. In the present action, the party Defendants will include at this time by description or characterization are as follows: A, is the individual(s) whose negligent, reckless and/or wanton conduct caused the Plaintiff's injuries; B, C, and D, are entities acting individually and/or by and through their agents, servants or employees whose negligent, willful and/or wanton acts proximately caused or contributed to the injuries, damages suffered by Plaintiff on the occasion made the basis of this action; E, F, and G are entities who owned, operated, maintained, controlled and/or repaired the establishment involved in the occurrence as described in the body of this Complaint; H, I, and J are entities who did negligently, recklessly and/or wantonly hire and place employees with mental, physical and/or significant emotional and/or psychological issues in charge of the Defendant's premises; K, L, M, N, and O, are entities who did negligently, recklessly and/or wantonly retain and supervise Defendant and are otherwise responsible for the damages suffered by the Plaintiff; P, Q, and R, are otherwise the master, principal and/or employer of the aforementioned fictitious Defendants,**

)
**Defendants.**                )

## <u>COMPLAINT</u>

COMES NOW the Plaintiff in the above-styled action, by and through his attorney of record, and as the basis for the relief hereinafter prayed for, states as follows:

**Exhibit A**

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff, JUSTIN REEVES, is and was at all times material hereto a resident of Dothan, Houston County, Alabama.

2.      Upon information and belief, Defendant, WAFFLE HOUSE, INC. is a company licensed to do business in the state of Alabama, with its principal place of business located in Georgia, is the owner of the Waffle House #335 restaurant located at 1925 East Main Street in Dothan, Houston County, Alabama.

3.      This cause of action arises out of a personal injury, which occurred at the aforementioned property on July 31, 2020.

4.      The amount of controversy exceeds the jurisdictional limits of this court, exclusive of interest and cost.

## STATEMENT OF FACTS

5.      On or about July 31, 2020, Defendant owned, managed, operated, maintained, and controlled, directly and indirectly, individually and through agents, servants, and employees, the Waffle House #335 restaurant located at 1925 East Main Street in Dothan, Houston County, Alabama.

6.      At that time and place, the Plaintiff, JUSTIN REEVES was an invitee on the premises.

7.      During JUSTIN REEVES time at the premises, he was assaulted and battered by the employees of Defendant.

## COUNT ONE

8.      Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

9.      On or about July 31, 2020, Defendant owned, managed, operated, maintained, and controlled, directly and indirectly, individually and through agents, servants, and employees, the WAFFLE HOUSE restaurant located at 3108 Ross Clark Circle Dothan, Alabama.

10.      At that time and place, the Defendant owned this property for the purpose of selling food and thereby created an invitee relationship with the Plaintiff.

**Exhibit A**

11.     Upon such time, there became and was the duty of the Defendant, individually and by and through its agents, servants and employees, to keep the premises in a reasonably safe condition for the Plaintiff and other persons lawfully accessing the premises, and further not to create or allow any dangerous and/or defective conditions to exist on or about the premises.

12.     That at the above date and place, the Plaintiff, JUSTIN REEVES, was lawfully on the subject premises, as an invitee.

13.     As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, JUSTIN REEVES was caused to suffer but not limited to the following damages:

> a.   Plaintiff was caused to suffer personal injuries;
>
> b.   Plaintiff was caused to suffer pain, suffering and mental anguish;
>
> c.   Plaintiff was caused to suffer permanent injuries;
>
> d.   In and about her efforts to cure and heal her injuries, Plaintiff was caused to

incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, JUSTIN REEVES, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## <u>COUNT TWO</u>

14.     Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

15.     The named Defendants and the Fictitious Defendant A, is the individual(s) whose negligent, reckless and/or wanton conduct caused the Plaintiff's injuries.

16.     As direct and proximate result of the aforementioned negligence, recklessness and/or wanton conduct, the Plaintiff, JUSTIN REEVES, was caused to suffer but not limited to the following damages:

> a.   Plaintiff was caused to suffer personal injuries;
>
> b.   Plaintiff was caused to suffer pain, suffering and mental anguish;
>
> c.   Plaintiff was caused to suffer permanent injuries;

**Exhibit A**

d.  In and about her efforts to cure and heal her injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, JUSTIN REEVES has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT THREE

18.     Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

19.     The named Defendants and those Fictitious Defendants B, C, and D acting individually and/or by and through their agents, servants or employees whose negligent, willful and/or wanton acts proximately caused or contributed to the injuries, damages, suffered by Plaintiff on the occasion made the basis of this action which injured the Plaintiff, JUSTIN REEVES.

20.     As direct and proximate result of the aforementioned negligence, recklessness, and/or wanton conduct, the Plaintiff, JUSTIN REEVES, was caused to suffer but not limited to the following damages:

a.  Plaintiff was caused to suffer personal injuries;

b.  Plaintiff was caused to suffer pain, suffering and mental anguish;

c.  Plaintiff was caused to suffer permanent injuries;

d.  In and about her efforts to cure and heal her injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, JUSTIN REEVES, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

**Exhibit A**

## **COUNT FOUR**

21.     Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

22.     The named Defendants and those Fictitious Defendants E, F, and G, are those entities that owned, operated, maintained and controlled, and/or the area, which was involved in the occurrence which injured the Plaintiff, JUSTIN REEVES.

23.     The named Defendants and fictitious Defendants E, F, and G, were negligent, reckless and/or wanton in their operation, maintenance and/or repair of the premises involved in the occurrence which injured the Plaintiff, JUSTIN REEVES.

24.     As direct and proximate result of the aforementioned negligence, recklessness and/or wantonness, Plaintiff JUSTIN REEVES, was caused to suffer but not limited to the following damages:

> e.   Plaintiff was caused to suffer personal injuries;
>
> f.   Plaintiff was caused to suffer pain, suffering and mental anguish;
>
> g.   Plaintiff was caused to suffer permanent injuries;
>
> h.   In and about her efforts to cure and heal her injuries, Plaintiff was caused to

incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, JUSTIN REEVES, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## **COUNT FIVE**

25.     Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

26.     The named Defendants and those Fictitious Defendants H, I, and J are those entities who did negligently, recklessly and/or wantonly hire and place employees with mental, physical and/or significant emotion and/or psychological issues in charge of the Defendant's premises.

**Exhibit A**

27.    As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, JUSTIN REEVES, was caused to suffer but not limited to the following damages:

    a.  Plaintiff was caused to suffer personal injuries;

    b.  Plaintiff was caused to suffer pain, suffering and mental anguish;

    c.  Plaintiff was caused to suffer permanent injuries;

    d.  In and about her efforts to cure and heal her injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, JUSTIN REEVES, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## COUNT SIX

28.    Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

29.    The named Defendants and those Fictitious Defendants K, L, M, N, and O are those entities who did negligently, recklessly and/or wantonly retain and supervise the Defendants and employees of the Defendant.

30.    As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, JUSTIN REEVES, was caused to suffer but not limited to the following damages:

    a.  Plaintiff was caused to suffer personal injuries;

    b.  Plaintiff was caused to suffer pain, suffering and mental anguish;

    c.  Plaintiff was caused to suffer permanent injuries;

    d.  In and about her efforts to cure and heal her injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, JUSTIN REEVES, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment,

**Exhibit A**

punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

## <u>COUNT SEVEN</u>

31.     Plaintiff re-alleges all relevant paragraphs above as is specifically set out herein and hereby incorporate by reference.

32.     The named Defendants and those Fictitious Defendants P, Q, and R are those entities who were the master, principal or employer of the Fictitious Defendants who are otherwise responsible for the damages suffered by the Plaintiff.

33.     As direct and proximate result of the aforementioned negligence, recklessness, and/or wantonness, Plaintiff, JUSTIN REEVES, was caused to suffer but not limited to the following damages:

      a.  Plaintiff was caused to suffer personal injuries;

      b.  Plaintiff was caused to suffer pain, suffering and mental anguish;

      c.  Plaintiff was caused to suffer permanent injuries;

      d.  In and about her efforts to cure and heal her injuries, Plaintiff was caused to incur doctor and medical bills and will be caused to incur doctor and medical bills in the future.

**WHEREFORE**, the Plaintiff, JUSTIN REEVES, has been injured and has been otherwise damaged, thus seek damages for personal injury, pain and suffering, medical expenses, emotional distress, loss of capacity for the enjoyment of life, medical care and treatment, punitive damages, and such other damages as are appropriate under the law in such sums as the evidence may show and the Jury shall find, plus costs of this action.

Submitted this the 10th day of May, 2022.

*/s/ Charlotte Nicole Pierce*
**CHARLOTTE NICOLE PIERCE (BLU012)**
**WILLIAM GANTT PIERCE (PIE029)**
**JACOB PAYNE (PAY029)**
*Attorneys for Plaintiff*
344 North Oates Street
Dothan, Alabama 36303
(334) 793-4354 - telephone
Niki@Dothanlawgroup.com
Gantt@Dothanlawgroup.com

REEVES COMPLAINT 7

**Exhibit A**

Jacob@Dothanlawgroup.com

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

_/s/ Wm. Gantt Pierce_____
**Of Counsel**

**SERVE DEFENDANT BY CERTIFIED MAIL AT:**

CORPORATION SERVICE COMPANY INC
641 SOUTH LAWRENCE STREET
MONTGOMERY, AL 36104

**Exhibit A**

ELECTRONICALLY FILED
5/10/2022 1:39 PM
38-CV-2022-900176.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JUSTIN REEVES,                    )

                                )

        **Plaintiff,**           )

                                )   **CASE NO.: _____**

**v.**                            )

                                )   *Jury Trial Demanded*

                                )

                                )

**WAFFLE HOUSE, INC. and other entities who may be individuals or legal entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by Amendment by the Plaintiff when their identities are accurately ascertained by further discovery; until that time, the Plaintiff will designate these parties in accordance with the Alabama Rules of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the description or characterization of the symbol applies to more than one entity. In the present action, the party Defendants will include at this time by description or characterization are as follows: A, is the individual(s) whose negligent, reckless and/or wanton conduct caused the Plaintiff's injuries; B, C, and D, are entities acting individually and/or by and through their agents, servants or employees whose negligent, willful and/or wanton acts proximately caused or contributed to the injuries, damages suffered by Plaintiff on the occasion made the basis of this action; E, F, and G are entities who owned, operated, maintained, controlled and/or repaired the establishment involved in the occurrence as described in the body of this Complaint; H, I, and J are entities who did negligently, recklessly and/or wantonly hire and place employees with mental, physical and/or significant emotional and/or psychological issues in charge of the Defendant's premises; K, L, M, N, and O, are entities who did negligently, recklessly and/or wantonly retain and supervise Defendant and are otherwise responsible for the damages suffered by the Plaintiff; P, Q, and R, are otherwise the master, principal and/or employer of the aforementioned fictitious Defendants,**

                                )

**Defendants.**                   )

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS OF DOCUMENTS TO DEFENDANT, WAFFLE HOUSE INC.

    **COMES NOW** the Plaintiff, in the above-styled cause and propounds the following Request for Admissions upon Defendant, WAFFLE HOUSE INC., to be answered within the time period allowed by the Alabama Rules of Civil Procedure.

**Exhibit A**

## INSTRUCTIONS

The matters herein are admitted unless, within thirty (30) days after service of the Request on you, you serve a written answer or objection to each matter, signed by you or your attorney. Any denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny on a part of the matter of which an admission is requested, you shall specify so much of it as is true and qualify or deny the remainder. You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the matter. In responding to these requests for admissions, you shall either admit or deny the request for admission. In the event you deny the request for admission, you must set forth in detail the reasons why you could not truthfully admit the same.

## TABLE OF DEFINITIONS

The Plaintiff sets forth the following definitions of various words and phrases which are contained in these interrogatories. The Plaintiff provides the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help the Defendant understand the objectives of Plaintiff's discovery efforts and to locate and furnish the relevant information and materials. It is therefore expressly stipulated and agreed by the Plaintiffs that an affirmative response on the part of the Defendant will not be construed as an admission that any definition contained herein is either factually correct or legally binding on the Defendant.

## DEFINITIONS

A. When the term "company" or "Defendant company" is used in the foregoing Interrogatories, the Plaintiff is making reference to Defendant, WAFFLE HOUSE INC., or the proper name of the owner of the business owned in which Plaintiff, JUSTIN REEVES, was assaulted and battered on or about July 31, 2020, in Houston County, Alabama.

B. When the terms "you" and "your" are used, they are intended to and shall embrace and include in addition to you, the named party to whom they are directed, your attorney, and any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained information for or on your behalf.

C. The term "document" shall mean every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual, or audio transcription, video tape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disc, reels or any other storage devices for business machines or other means of storing and/or transmitting human intelligence, and any other printed or readable material. To be included without limitation in this definition of "document" are every invoice, statement, bill, ledger sheet, recommendation, endorsement, order, discretion, letter, telegram, Teletype, report, memorandum (including without limitation, every inter-office memorandum, file memorandum, work memorandum and memorandum of telephone conversation), interview, sketch, graph, chart, note (including without limitation notes used to prepare any letter, memorandum, reports or other

**Exhibit A**

documents as herein defined), contract, agreement, form, worksheet, timesheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness statements (including those of potential witnesses), transcript, interview, sound recording transcription, computer printout, book of accounts, payroll record, minute diaries (both office and personal), log file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list and any other tangible item or thing or readable or visual material or whatsoever nature and every file folder in which the above items are stored, filed, or maintained.

## **REQUEST FOR ADMISSIONS**

1.      You, your agents, employees or servants have been properly named as party defendant(s) insofar as the legal designation of your name.

2.      That Defendant(s) have been properly served as a party defendant(s) in the present cause.

3.      That the Court in which the present action is pending does, in fact, have subject matter jurisdiction of the present cause.

4.      That there are no other indispensable parties who should be joined as co-defendants in this case.

5.      That on or about July 31, 2020, Defendant was assaulted and battered at Waffle House #355 located at 1925 East Main Street in Dothan, Houston County, Alabama.

Submitted this the 10th day of May, 2022.

*/s/ Charlotte Nicole Pierce*
**CHARLOTTE NICOLE PIERCE (BLU012)**
**WILLIAM GANTT PIERCE (PIE029)**
**JACOB PAYNE (PAY029)**
*Attorneys for Plaintiff*
344 North Oates Street
Dothan, Alabama 36303
(334) 793-4354 - telephone
Niki@Dothanlawgroup.com
Gantt@Dothanlawgroup.com
Jacob@Dothanlawgroup.com

**TO BE SERVED WITH THE COMPLAINT.**

**Exhibit A**

**Exhibit A**

ELECTRONICALLY FILED
5/10/2022 1:39 PM
38-CV-2022-900176.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| **JUSTIN REEVES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO.: _____** |
| **v.** ) | |
| ) | *Jury Trial Demanded* |
| ) | |
| ) | |

**WAFFLE HOUSE, INC. and other entities who may be individuals or legal entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by Amendment by the Plaintiff when their identities are accurately ascertained by further discovery; until that time, the Plaintiff will designate these parties in accordance with the Alabama Rules of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the description or characterization of the symbol applies to more than one entity. In the present action, the party Defendants will include at this time by description or characterization are as follows: A, is the individual(s) whose negligent, reckless and/or wanton conduct caused the Plaintiff's injuries; B, C, and D, are entities acting individually and/or by and through their agents, servants or employees whose negligent, willful and/or wanton acts proximately caused or contributed to the injuries, damages suffered by Plaintiff on the occasion made the basis of this action; E, F, and G are entities who owned, operated, maintained, controlled and/or repaired the establishment involved in the occurrence as described in the body of this Complaint; H, I, and J are entities who did negligently, recklessly and/or wantonly hire and place employees with mental, physical and/or significant emotional and/or psychological issues in charge of the Defendant's premises; K, L, M, N, and O, are entities who did negligently, recklessly and/or wantonly retain and supervise Defendant and are otherwise responsible for the damages suffered by the Plaintiff; P, Q, and R, are otherwise the master, principal and/or employer of the aforementioned fictitious Defendants,**

| | |
|---|---|
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, WAFFLE HOUSE INC.

**Exhibit A**

**COMES NOW** the Plaintiff in the above styled cause and propounds the following Requests for Production of Documents upon Defendant, WAFFLE HOUSE INC., to be answered within the time period allowed by the Alabama Rules of Civil Procedure.

## DEFINITIONS
## TABLE OF DEFINITION

The Plaintiff sets forth the following definition which is contained in the attached Requests. The Plaintiff provides the following definition for the purpose of clarifying the meaning of a word contained herein in order to help the Defendant understand the objectives of Plaintiff's discovery efforts and to locate and furnish the relevant information and materials. It is therefore expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendant will not be construed as an admission that any definition contained herein is either factually correct or legally binding on the Defendant.

## DEFINITIONS

A. The term "document" shall mean every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual or audio transcription, video tape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, discs, reels or any other storage devices for business machines or other means of storing and/or transmitting human intelligence, and any other printed or readable material. To be included without limitation in this definition of "document" are every invoice, statement, bill, ledger sheet, recommendation, endorsement, order, discretion, letter, telegram, Teletype, report memorandum (including without limitation every inter-office memorandum, file memorandum, work memorandum and memorandum of telephone conversation), interview, sketch, graph, chart, note (including without limitation notes used to prepare any letter, memorandum, reports or other documents as herein defined), contract, agreement, form, worksheet, timesheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness statements (including those of potential witnesses), transcript, interview, sound recording transcription, computer printout, book of accounts, payroll record, minute diaries (both office and personal), log file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list and any other tangible item or thing or readable or visual material or whatsoever nature and every file folder in which the above items are stored, filed, or maintained.

B. When the term "Defendant company" is used in the foregoing Interrogatories, the Plaintiffs are making reference to Defendant, WAFFLE HOUSE INC., or the proper name of the owner of the business in which Plaintiff, JUSTIN REEVES, was assaulted and battered on or about July 31, 2020, in Houston County, Alabama.

**Exhibit A**

## DOCUMENTS TO BE PRODUCED

1.      All documents, incident reports, photographs, charts, and diagrams, of the incident.

2.      Any and all insurance agreements, documents, and/or contracts that provide coverage or would insure the risk in this lawsuit.

3.      All documents, reports, statements, or other material consulted to answer the Interrogatories or used to refresh the memory of those persons preparing the answers to Plaintiff's Interrogatories.

4.      Any and all statements given by the Defendants concerning the accident on or about July 31, 2020, including but not limited to transcribed statements, copies of un-transcribed tapes, signed statements, or unsigned statements given by the Defendants.

5.      Any and all employment records of the employees who were working at WAFFLE HOUSE INC., Store #355 at the time of incident.

6.      All charts, diagrams, videotapes, and other illustrations of any person, place, or thing involved in this lawsuit, given the date each was made and the name and address of each person(s) with possession, custody, and/or control of each item.  With regard to the videotapes, indicate the dates and times they were taken.

7.      All and all documents related to employee training such as an employee handbook or training manual.

8.      All documents evidencing or reflecting complaints, allegations, and/or disciplinary actions related to the employees who were working at WAFFLE HOUSE INC., Store #355 at the time of incident.

9.      Any and all reports by any expert retained or consulted by you with respect to any aspect of the occurrence made the basis of this lawsuit.

10.      Any and all records and documents maintained by the Defendant's company relating to the employees who were working at WAFFLE HOUSE INC., Store #355 at the time of incident.


Submitted this the 10th day of May, 2022.


**Exhibit A**

*/s/ Charlotte Nicole Pierce*
**CHARLOTTE NICOLE PIERCE (BLU012)**
**WILLIAM GANTT PIERCE (PIE029)**
**JACOB PAYNE (PAY029)**
*Attorneys for Plaintiff*
344 North Oates Street
Dothan, Alabama 36303
(334) 793-4354 - telephone
Niki@Dothanlawgroup.com
Gantt@Dothanlawgroup.com
Jacob@Dothanlawgroup.com

**TO BE SERVED WITH THE COMPLAINT.**

**Exhibit A**

ELECTRONICALLY FILED
5/10/2022 1:39 PM
38-CV-2022-900176.00
CIRCUIT COURT OF
HOUSTON COUNTY, ALABAMA
CARLA H. WOODALL, CLERK

## IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

| | |
|---|---|
| **JUSTIN REEVES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NO.:** _____ |
| **v.** ) | |
| ) | *Jury Trial Demanded* |
| ) | |
| ) | |

**WAFFLE HOUSE, INC. and other entities who may be individuals or legal entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein who may be added by Amendment by the Plaintiff when their identities are accurately ascertained by further discovery; until that time, the Plaintiff will designate these parties in accordance with the Alabama Rules of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the description or characterization of the symbol applies to more than one entity. In the present action, the party Defendants will include at this time by description or characterization are as follows: A, is the individual(s) whose negligent, reckless and/or wanton conduct caused the Plaintiff's injuries; B, C, and D, are entities acting individually and/or by and through their agents, servants or employees whose negligent, willful and/or wanton acts proximately caused or contributed to the injuries, damages suffered by Plaintiff on the occasion made the basis of this action; E, F, and G are entities who owned, operated, maintained, controlled and/or repaired the establishment involved in the occurrence as described in the body of this Complaint; H, I, and J are entities who did negligently, recklessly and/or wantonly hire and place employees with mental, physical and/or significant emotional and/or psychological issues in charge of the Defendant's premises; K, L, M, N, and O, are entities who did negligently, recklessly and/or wantonly retain and supervise Defendant and are otherwise responsible for the damages suffered by the Plaintiff; P, Q, and R, are otherwise the master, principal and/or employer of the aforementioned fictitious Defendants,**

| | |
|---|---|
| | ) |
| **Defendants.** | ) |

## <u>PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT,<br>WAFFLE HOUSE INC.</u>

  **COMES NOW** the Plaintiff in the above styled cause and propound the following Interrogatories upon Defendant, WAFFLE HOUSE INC., to be responded to within the time period allowed by law.

## SUPPLEMENTATION OF RESPONSES

In answering these Interrogatories, you are requested to furnish all information available to you, including information in the possession of your attorney or any person acting on your behalf, and not merely such information as is known of your own knowledge.  If you cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information sought, so state in an answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26 of the Alabama Rules of Civil Procedure, you are under a duty to seasonably supplement your answer with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

You are under a duty to seasonably amend a prior answer if you obtain information upon the basis of which (a) you know that the answer was incorrect when made or (b) you know that the answer, though correct when made, is no longer true, and the circumstances are such that a failure to amend the answer is, in substance, a knowing concealment.

## TABLE OF DEFINITIONS

The Plaintiff sets forth the following definitions of various words and phrases which are contained in these interrogatories.  The Plaintiff provides the following definitions for the purpose of clarifying the meaning of various words and phrases contained herein in order to help the Defendant understand the objectives of Plaintiff's discovery efforts and to locate and furnish the relevant information and materials.  It is therefore expressly stipulated and agreed by the Plaintiff that an affirmative response on the part of the Defendant will not be construed as an admission that any definition contained herein is either factually correct or legally binding on the Defendant.

## DEFINITIONS

A. When the term "company" or "Defendant  company" is used in the foregoing Interrogatories, the Plaintiff is making reference to Defendant, WAFFLE HOUSE INC., or the proper name of the owner of the business owned in which Plaintiff, JUSTIN REEVES, was assaulted and battered on or about July 31, 2020, in Houston County, Alabama.

B. When the terms "you" and "your" are used, they are intended to and shall embrace and include in addition to you, the named party to whom they are directed, your attorney, and any and all agents, employees, representatives, private investigators, and others who are in possession of, or may have obtained information for or on your behalf.

C. The term "document" shall mean every original and every non-identical copy (including blind copies) of each and every paper, writing, picture, photograph, slide, movie, film, visual, or audio transcription, video tape, sound recording, micro-film, data stored or recorded on or in punch cards, computer tapes, disc, reels or any other storage devices for

**Exhibit A**

business machines or other means of storing and/or transmitting human intelligence, and any other printed or readable material.  To be included without limitation in this definition of "document" are every invoice, statement, bill, ledger sheet, recommendation, endorsement, order, discretion, letter, telegram, Teletype, report, memorandum (including without limitation, every inter-office memorandum, file memorandum, work memorandum and memorandum of telephone conversation), interview, sketch, graph, chart, note (including without limitation notes used to prepare any letter, memorandum, reports or other documents as herein defined), contract, agreement, form, worksheet, timesheet, expense ledger, check (canceled or otherwise), check stub, voucher receipts, witness statements (including those of potential witnesses), transcript, interview, sound recording transcription, computer printout, book of accounts, payroll record, minute diaries (both office and personal), log file card, raw data, notes and/or travel report, data evidence, statement of expenses incurred, report of investigation, report of interview, record, brochure, book, exhibit, draft, certificate, table, price list and any other tangible item or thing or readable or visual material or whatsoever nature and every file folder in which the above items are stored, filed, or maintained.

## **INTERROGATORIES**

1.      Please state your (a) full business name and/or other business entity names by which you are now or have been known, (b) your date of business origination, and (c) your federal employer identification number.

        **ANSWER:**


2.      Please state your business address, the name and address of the registered agent of the company and the organizational purpose of the company.

        **ANSWER:**


3.      Please state whether you and/or your employees, agents and servants have ever made or given any statements, whether oral or in writing, to anyone regarding the occurrence of this incident.  If so, please state the name and address of each person to whom you and/or your employees, agents and servants made or gave a statement, as well as the substance and content of the statement, to the best of your and/or your employees', agents' and servants' recollection.

        **ANSWER:**


4.      List the names and addresses of all persons believed or known by you, your agents, employees or servants, or attorneys, who have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which such person has knowledge.

**Exhibit A**

**ANSWER:**


5.      If you, your agents, employees or servants have refreshed your recollection through the use of reports, statements, documents, or other written material, please identify the material used by describing same and furnish the name and present address of the person or persons in whose custody such material is held at the present time and will be held in the future.

**ANSWER:**


6.      List the names and address of all person believed or known by you to have been involved with this incident which occurred on July 31, 2020, and which is the basis of this claim.

**ANSWER:**


7.      Were you, your agents, employees or servants suffering from any physical infirmity, disability or sickness at the time of the accident made the basis of this claim?  If so, provide a full and complete description of any such condition, including its nature, extent and severity, as well as when you became aware of the physical infirmity, disability or sickness.

**ANSWER:**


8.      State whether or not you, your agents, employees or servants have information as to the existence of any individuals and/or entity who or which may be liable in whole or in part for the injuries of the Plaintiffs.  If so, state the names and addresses of each such entity and/or individual believed to be involved and the facts upon which this fact, conclusion or opinion is based.

**ANSWER:**


9.      Identify by name, address, and phone number, all individuals or entities who were responsible for training and/or supervising Defendants who were employed at Waffle House #355 when this incident occurred.

**ANSWER:**


10.     If Waffle House #355 performed a background check for, investigation as to, or reference check regarding the employees who were employed at the business at the time of the incident, please describe in detail all information sought or requested, including the type of background check, information sought or reference check, the date the information was sought, from whom it was sought, and all documents or information obtained, the dates on which it was obtained and from whom it was obtained.

**ANSWER:**

**Exhibit A**

11.     Please state in detail Waffle House policies and procedures for training and supervising its employees around the time of the incident.

   **ANSWER:**

12.     Please state all your employees names, addresses and phone numbers who were employed at the business at the time of the incident.  state whether or not these employees are still employed by Defendant, WAFFLE HOUSE INC.

   **ANSWER:**

11.     Please state the name and address of all expert witnesses or professional consultants retained or consulted by you or on your behalf to make an evaluation or investigation of the cause of the occurrence giving rise to the lawsuit or the damages sustained by you, your agents, employees or servants.

   **ANSWER:**

12.     Please identify each expert expected to testify at trial and state the subject matter the expert is expected to testify about, the substance of the facts and opinions to which the expert is expected to testify, and give a summary of the grounds for each opinion.

   **ANSWER:**

Submitted this the 10th day of May, 2022.

                                        */s/ Charlotte Nicole Pierce*
                                        **CHARLOTTE NICOLE PIERCE (BLU012)**
                                        **WILLIAM GANTT PIERCE (PIE029)**
                                        **JACOB PAYNE (PAY029)**
                                        *Attorneys for Plaintiff*
                                        344 North Oates Street
                                        Dothan, Alabama 36303
                                        (334) 793-4354 - telephone
                                        Niki@Dothanlawgroup.com
                                        Gantt@Dothanlawgroup.com
                                        Jacob@Dothanlawgroup.com

**Exhibit A**

**TO BE SERVED WITH THE COMPLAINT**.

**Exhibit A**



AlaFile E-Notice

38-CV-2022-900176.00

To:   CHARLOTTE NICOLE PIERCE
      Niki@DothanLawGroup.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JUSTIN REEVES V. WAFFLE HOUSE, INC.
38-CV-2022-900176.00

The following complaint was FILED on 5/10/2022 1:39:18 PM

Notice Date:      5/10/2022 1:39:18 PM

CARLA H. WOODALL
CIRCUIT COURT CLERK
HOUSTON COUNTY, ALABAMA
P.O. DRAWER 6406
DOTHAN, AL, 36302

334-677-4859

**Exhibit A**



AlaFile E-Notice

38-CV-2022-900176.00

To:  WAFFLE HOUSE, INC.
     C/O CORPORATION SERV. CO.
     641 S. LAWRENCE STREET
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JUSTIN REEVES V. WAFFLE HOUSE, INC.
38-CV-2022-900176.00

The following complaint was FILED on 5/10/2022 1:39:18 PM

Notice Date:    5/10/2022 1:39:18 PM

CARLA H. WOODALL
CIRCUIT COURT CLERK
HOUSTON COUNTY, ALABAMA
P.O. DRAWER 6406
DOTHAN, AL, 36302

334-677-4859

**Exhibit A**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>38-CV-2022-900176.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
### JUSTIN REEVES V. WAFFLE HOUSE, INC.

**NOTICE TO:** WAFFLE HOUSE, INC., C/O CORPORATION SERV. CO. 641 S. LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), CHARLOTTE NICOLE PIERCE                                                                    ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 344 North Oates Street, DOTHAN, AL 36303                          .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of JUSTIN REEVES
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 05/10/2022 | /s/ CARLA H. WOODALL | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ CHARLOTTE NICOLE PIERCE

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*                              *(Name of County)*

Alabama on _____ .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

**Exhibit A**



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY
### CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA
JUSTIN REEVES V. WAFFLE HOUSE, INC.

38-CV-2022-900176.00

To:  CLERK HOUSTON
     clerk.houston@alacourt.gov

TOTAL POSTAGE PAID: $8.76

Parties to be served by Certified Mail - Return Receipt Requested

WAFFLE HOUSE, INC.                                    Postage: $8.76
C/O CORPORATION SERV. CO.
641 S. LAWRENCE STREET
MONTGOMERY, AL 36104

Parties to be served by Certified Mail - Restricted Delivery - Return Receipt Requested

Parties to be served by First Class Mail

**Exhibit A**

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Waffle House, Inc.
c/o Corporation Serv. Co.
641 S. Lawrence St.
Montgomery, AL 36104

CV-22-900776

9590 9402 7309 2028 6821 95

2. Article Number (Transfer from service label)

7022 0410 0002 7575 2646

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X
☐ Agent
☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery ($500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

Exhibit A

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Waffle House, Inc.
c/o Corporation Serv. Co.
641 S. Lawrence St.
Montgomery, AL 36104
CV22 900576

9590 9402 7309 2028 6821 95

2. Article Number (Transfer from service label)

7022 0410 0002 7575 2646

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Kelly Webster_
☑ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

5-12-22

D. Is delivery address different from Item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

**USPS TRACKING #**



9590 9402 7309 2028 6821 95

**United States
Postal Service**



FILED

MAR 1 5 2022

Carla Woodall, Clerk

Houston County, AL



* Sender: Please print your name, address, and ZIP+4® in this box*

CARLA H. WOODALL
Houston County Circuit Clerk
P.O. Drawer 6406
Dothan, AL 36302

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**Exhibit A**



AlaFile E-Notice

38-CV-2022-900176.00

Judge: LARRY K ANDERSON

To:  PIERCE CHARLOTTE NICOLE
Niki@DothanLawGroup.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JUSTIN REEVES V. WAFFLE HOUSE, INC.
38-CV-2022-900176.00

The following matter was served on 5/12/2022

**D001 WAFFLE HOUSE, INC.**

**Corresponding To**

CERTIFIED MAIL

CARLA H. WOODALL
CIRCUIT COURT CLERK
HOUSTON COUNTY, ALABAMA
P.O. DRAWER 6406
DOTHAN, AL, 36302

334-677-4859

**Exhibit A**



AlaFile E-Notice

38-CV-2022-900176.00

Judge: LARRY K ANDERSON

To:  PIERCE WILLIAM GANTT
     gantt@dothanlawgroup.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JUSTIN REEVES V. WAFFLE HOUSE, INC.
38-CV-2022-900176.00

The following matter was served on 5/12/2022

**D001 WAFFLE HOUSE, INC.**

**Corresponding To**

CERTIFIED MAIL

CARLA H. WOODALL
CIRCUIT COURT CLERK
HOUSTON COUNTY, ALABAMA
P.O. DRAWER 6406
DOTHAN, AL, 36302

334-677-4859

**Exhibit A**



AlaFile E-Notice

38-CV-2022-900176.00

Judge: LARRY K ANDERSON

To:  PAYNE JACOB KNIGHT
     Jacob@dothanlawgroup.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF HOUSTON COUNTY, ALABAMA

JUSTIN REEVES V. WAFFLE HOUSE, INC.
38-CV-2022-900176.00

The following matter was served on 5/12/2022

**D001 WAFFLE HOUSE, INC.**

**Corresponding To**

CERTIFIED MAIL

CARLA H. WOODALL
CIRCUIT COURT CLERK
HOUSTON COUNTY, ALABAMA
P.O. DRAWER 6406
DOTHAN, AL, 36302

334-677-4859

**Exhibit A**