IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUSTIN REEVES, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:22-cv-00356-RAH |
| | ) |
| WAFFLE HOUSE, INC. | ) |
| | ) |
|    Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Motion to Remand. (Doc. 10.) In it, Plaintiff Justin Reeves argues this matter should be remanded to the Circuit Court of Houston County, Alabama because Defendant Waffle House, Inc. has failed to meet its burden of showing the amount in controversy exceeds $75,000. In particular, Reeves argues that his October 19, 2020 settlement demand letter making a policy limits settlement demand, as supplemented by a November 16, 2020 email detailing no less than $137,082.25 in medical bills,[1] should be ignored for diversity jurisdiction purposes because the letter contains nothing more than posturing and puffery in an attempt to start settlement negotiations.

Generally, written settlement demands can be considered by a federal district court for purposes of determining whether the court has diversity jurisdiction over a particular

---

[1] The parties do not raise any issue concerning the diversity of the parties or with the timeliness of removal, and therefore the Court will not address those issues; instead, it will focus only on whether Waffle House has met its burden on the issue of the amount in controversy.

1

dispute. *See Hall v. State Farm Mutual Auto. Ins. Co.*, No. 3:20-cv-404, 2020 WL 4757069, at *1 (M.D. Ala. Aug. 17, 2020); *Davis v. Ray*, No. 2:19-cv-932, 2020 WL 1916170, at * 2 (M.D. Ala. Apr. 20, 2020). While a settlement demand letter "by itself, may not be determinative" and is "not conclusive proof" of the amount in controversy, "it counts for something." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994). "In determining what that 'something' is, 'courts draw distinctions between settlement offers steeped in puffery and posturing at a high level of abstraction, on the one hand, and those yielding particularized information and a reasonable assessment of value, on the other.'" *Montreuil ex rel. Z.M. v. Costco Wholesale Corp.,* No. 2:18-CV-706, 2020 WL 1243383, at *1 (M.D. Ala. Mar. 13, 2020) (citation omitted). "A settlement demand adds monetary weight to the amount in controversy when it provides enough specific information to support the plaintiff's claim for damages to indicate that the offer is a reasonable assessment of the value of the plaintiff's claim." *Simpson v. Primerica Life Ins., Co.*, No. 2:15-CV-777, 2015 WL 9315658, at * 9 (M.D. Ala. Dec. 3, 2015) (citation omitted), *report and recommendation adopted*, No. 2:15-CV-777, 2015 WL 9413876 (M.D. Ala. Dec. 22, 2015).

The October 19, 2020 settlement demand letter is three-pages long and contains detailed and particularized information concerning Waffle House's liability for the assault incident and Reeves's injuries, medical providers, medical bills, pain and suffering, and rehabilitation therapy. (Doc. 1-2.) Attached to the letter is approximately 139 pages of medical records and bills. (Doc. 1-4.) The November 16, 2020 email supplementing that letter identifies over $137,082.25 in claimed medical bills. (Doc. 1-3.) All of this

information culminated in a policy limits settlement demand, (Doc. 1-2), from plaintiff's counsel, which due to the insurance policy limits of over $2,000,000, (Doc. 1-6), constituted a settlement demand far in excess of the $75,000 amount in controversy threshold.

The October 19, 2020 settlement demand letter, as supplemented, tips the preponderance-of-the-evidence scales in Waffle House's favor. As previously stated, it is a comprehensive and particularized letter that consists of pages of detailed information, including medical records and bills, concerning Reeves's injuries and damages. *See, e.g., Hall*, 2020 WL 4757069, at *1; *Ingram v. Hobby Lobby Stores, Inc.*, No. 1:19-cv-183, 2019 WL 3346483 (M.D. Ala. July 25, 2019) (denying remand because settlement demand letter contained sufficient concrete information regarding plaintiff's damages to satisfy the $75,000 jurisdictional threshold). It is far from the type of boilerplate and puffery-based settlement demand letters that have been condemned by courts as providing little-to-no detail or information concerning the amount in controversy.

Accordingly, for the reasons as stated, and for good cause, it is ORDERED that the Plaintiff's Motion to Remand, (Doc. 10), is DENIED.

DONE, this 22th day of September, 2022.

                                        /s/ R. Austin Huffaker, Jr.
                                        R. AUSTIN HUFFAKER, JR.
                                        UNITED STATES DISTRICT JUDGE